### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

REBECCA REED, et al.,

                        **Plaintiffs,**

-v-

TMI HOSPITALITY, INC., et al.,

                        **Defendants.**

                          **Case No. 3:13-cv-334**

                          **Judge Thomas M. Rose**

_____

### ENTRY AND ORDER GRANTING TMI'S PARTIAL MOTION TO DISMISS (Doc. #5) AND GIVING REED AND BOSTICK UNTIL NOT LATER THAN THIRTY (30) DAYS FOLLOWING ENTRY OF THIS ORDER TO FILE A MOTION TO AMEND THEIR COMPLAINT

_____

Plaintiffs Rebecca Reed ("Reed") and Lorie Bostick ("Bostick") filed the Complaint in this matter against named Defendants TMI Hospitality, Inc.; Tharaldson Hospitality Staffing LLC; Tharaldson Hospitality Management LLC; TMI Employee Management, Inc. and Tharaldson Employee Management Inc. Reed and Bostick also indicate John Does 1 through 10 as Defendants. The Complaint was originally filed in the Cincinnati office of this Court and subsequently transferred to the Dayton office (doc. #12) where it was assigned to Judge Rose.

Reed's and Bostick's First Cause of Action is for discrimination and retaliation in violation of Ohio Rev. Code § 4112. (Doc. #1.) Their Second Cause of Action is for age discrimination in violation of Ohio Rev. Code § 4112. Their Third Cause of Action is for violation of the Age Discrimination In Employment Act of 1967 (the "ADEA"). Their Fourth Cause of Action is for punitive damages. Their Fifth Cause of Action is for violation of the Employee Retirement Income Security Act ("ERISA"). Their Sixth Cause of Action is for

breach of an employment contract and their Seventh Cause of Action is for violation of Ohio public policy. All of Reed's and Bostick's Causes of Action are against all of the Defendants.

Reed and Bostick assert that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.  Venue is property in the Southern District of Ohio, Western Division at Dayton because a substantial part of the events giving rise to the Complaint occurred in Clark County, Ohio.

Now before the Court is a Partial Motion To Dismiss (doc. #5) filed by Defendant TMI Hospitality, Inc. ("TMI") pursuant to Fed. R. Civ. P. 12(b)(6). Therein, TMI reports that it is improperly named as a defendant because Reed and Bostick were employed by TMI Employee Management, Inc, a wholly-owned subsidiary of TMI.

Reed and Bostick have responded to TMI's Partial Motion To Dismiss[1] and TMI has replied. TMI's Partial Motion To Dismiss is, therefore, ripe for decision. A relevant factual background taken from Reed's and Bostick's Complaint will first be set forth followed by the relevant legal provisions and an analysis of TMI's Partial Motion To Dismiss.

## RELEVANT FACTUAL BACKGROUND

### The Parties

Reed and Bostick were white female employees of TMI Employee Management, Inc. (Compl. ¶2.) Both were over the age of 40. (Id.) Both were employed as housekeepers and worked at the Marriot Fairfield. (Id. at ¶ 16.) The named Defendants are foreign corporations with their principle place of business in Springfield, Ohio. (Id. at ¶ 3.)

Reed was hired by the Defendants at Country Suites on or about March 2005 through

---

[1]Reed and Bostick also request leave to amend their complaint.

March 2007. (Id. at ¶ 12. ) She was rehired to work at the Fairfield Marriott on or about June 29,

2007, and was terminated on or about March 14, 2012. (Id. at ¶¶ 12, 13.)   Bostick was hired by

Defendants on or about June of 2007 and was terminated on or about September 20, 2011. (Id. at

¶¶ 14, 15.)

<u>**The Allegations**</u>

During the course of their employment, the Defendants represented to Reed and Bostick

that they would vest in an ESOP after five (5) years of employment, that they would be paid for

their services, that they would not be terminated for any unlawful reasons, that specific

disciplinary procedures would be followed and that they would be provided a safe workplace

free from "gender based, sexual, age or other discrimination." (Id. at ¶ 18.)

During the year prior to Reed's and Bostick's terminations, their managers and

supervisors allegedly entered into a pattern of conduct against employees over the age of 40

years to impose harsher and discriminatory regulations on them, to fabricate or to entice other

employees to fabricate violations of company policy, to fail to investigate any allegations of

violations of company policy and to systematically terminate or "clean house" of employees over

the age of 40. (Id. at ¶19.)

Reed was "wrongfully terminated" by the Defendants just short of vesting in the

Employee Stock Ownership Plan and Trust ("ESOP"). (Id. at ¶ 13.)  Bostick was "employed" by

the Defendants just short of vesting in the ESOP. (Id. at ¶ 15.)

**RELEVANT LEGAL PROVISIONS**

TMI seeks leave to dismiss certain of Reed's and Bostick's Causes of Action pursuant to

Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss is to allow a

defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993) (citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)).  Put another way, "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case."  5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2004). Further, for purposes of a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

To survive a 12(b)(6) motion to dismiss, a plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not enough. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. However, the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed. 2004)). The complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*, 550 U.S. at 570.)

Further, the required level of factual specificity rises with the complexity of the claim. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). A more complex case requires

more detail "to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010).

The Sixth Circuit has noted that to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Columbia Natural Resources, Inc. v. Tatum*, 58 F. 3d 1101 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996).  The Court "need not accept as true legal conclusions or unwarranted factual inferences*." Morgan v. Church's Fried Chicken,* 829 F. 2d 10, 12 (6th Cir. 1987).  Put another way, bare assertions of legal conclusions are not sufficient.  *Lillard v. Shelby County Bd. of Education.*, 76 F. 3d 716, 726 (6th Cir. 1996).  It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss.  *Id.*

## ANALYSIS

TMI, who has the burden, argues that Reed's and Bostick's First, Second, Fourth, Fifth, Sixth and Seventh Causes of Action should be dismissed. In their Response, Reed and Bostick withdraw their Second, Fourth and Sixth Causes of Action. (Doc. #9.) Also, Reed withdraws her Fifth Cause of Action. (Id.) Therefore, the Court need only consider Reed's and Bostick's First and Seventh Causes of Action and Bostick's Fifth Cause of Action.

## First Cause of Action

Reed's and Bostick's First Cause of Action asserts that the Defendants have discriminated and retaliated against them in violation of Ohio Rev. Code § 4112, and have, therefore, "knowingly created a 'great probability of causing substantial harm' to others…."

However, Ohio Rev. Code § 4112 proscribes a variety of behaviors including illegal discrimination due to race, color, religion, sex, military status, national origin, disability, age and ancestry. Yet, Reed's and Bostick's First Cause of Action gives no indication as to what part of § 4112 has allegedly been violated. Thus, Reed's and Bostwick's First Cause of Action alleges a vague and unspecified violation of § 4112 such that the Court cannot even begin to determine if this Cause of Action is plausibly pled.

The Parties argue about whether this Cause of Action plausibly pleads a public policy tort. But, since the Cause of Action mentions nothing about public policy and refers to Ohio's anti-discrimination statute, the Court cannot make a determination as to whether it pleads a public policy tort.

Reed's and Bostick's First Cause of Action does not plead a cause of action, let alone a plausible cause of action. Therefore, it must be dismissed.

## Fifth Cause of Action

Reed's Fifth Cause of Action has been withdrawn. Bostick's Fifth Cause of Action alleges that "[d]efendants failed to provide employment benefits, including but not limited to health insurance, and retirement benefits and ESOP, in the same or similar manner as other similarly situated employees" in violation of ERISA. However, Bostick's Fifth Cause of Action does not indicate which, if any, part of the ERISA statute has been violated. Further, if the Court were to construe this as an ERISA claim, Bostick has not pled, as she must, an exhaustion of administrative remedies. *See Coomer v. Bethesda Hospital, Inc.*, 370 F.3d 499, 504 (6th Cir. 2004). Therefore, Bostick's Fifth Cause of Action must be dismissed.

## Seventh Cause of Action

-6-

Reed's and Bostick's Seventh Cause of Action is for violation of Ohio public policy. The public policy identified by Reed and Bostick is found in Ohio Rev. Code § 3731.13 which requires that:

> All bedding used in any hotel must be thoroughly aired, disinfected, and kept clean. No bedding which is infested with vermin or bedbugs shall be used on any bed in any hotel. All floors, carpets, and equipment in hotels, and all walls and ceilings shall be kept in sanitary condition.

Reed and Bostick argue that they were terminated in retaliation for reporting the manager's failure to comply with this regulation.

In Ohio, if an at-will employee is discharged or disciplined in contravention of a clear public policy, a cause of action for wrongful discharge in violation of public policy may exist. *Dohme v. Eurand America, Inc.*, 956 N.E.2d 825, 829 (Ohio 2011). The elements of such a claim in this case are: (1) the existence of a clear public policy manifested in a state or federal constitution, statute or administrative regulation or in the common law; (2) dismissing employees under circumstances like those involved in Reed's and Bostick's dismissal would jeopardize the public policy (the jeopardy element); (3) Reed's and Bostick's dismissal was motivated by conduct related to the public policy (the causation element) and (4) TMI lacked overriding legitimate business justification for the dismissal. *Id.*

Reed's and Bostick's Complaint identifies an Ohio statute but it fails to say how this statute gives them any rights or favors them or other similarly-situated employees. Said another way, Reed and Bostick have not shown how they were retaliated against for a reason which is prohibited by statute. *See Greeley v. Miami Valley Maintenance Contractors, Inc.*, 551 N.E.2d 981, (Ohio 1990) ("[P]ublic policy warrants an exception to the employment-at-will doctrine when an employee is discharged or disciplined for a reason which is prohibited by statute.").

-7-

Further, the Parties have not identified and this Court is not aware of any court that has recognized a wrongful termination action based upon this statute. Thus, Reed and Bostick have not satisfied all of the elements of a wrongful-discharge-in-violation-of-public-policy claim. Therefore, Reed's and Bostick's Seventh Cause of Action is dismissed.

## CONCLUSION

Reed's and Bostick's First and Seventh Causes of action have been dismissed. Reed's and Bostick's Second, Fourth and Sixth Causes of Action have been withdrawn. Reed's Fifth Cause of Action has been withdrawn and Bostick's Fifth Cause of action has been dismissed. Therefore, TMI's Partial Motion To Dismiss (doc. #5) is GRANTED. Reed's and Bostick's Third Cause of Action for violation of the ADEA remains to be adjudicated.

As part of their Memorandum Contra To Defendant's Partial Motion To Dismiss, Reed and Bostick request leave to amend their Complaint. Therefore, their First and Seventh Causes of Action and Bostick's Fifth Cause of Action are dismissed without prejudice to the filing of a motion for leave to amend the Complaint along with a proposed amended complaint provided such motion is filed no later than thirty (30) days following entry of this Order.

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-Seventh Day of November, 2013.

**s/Thomas M. Rose**

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record